FILED
United States Court of Appeals
Tenth Circuit

**March 20, 2013**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RANDAL ANKENEY,

        Petitioner - Appellant,

    v.

SUSAN JONES, Warden of Fremont
Correctional Facility; TOM
CLEMENTS, Director of the Colorado
Department of Corrections (CDOC);
JOHN SUTHERS, The Attorney
General of the State of Colorado,

        Respondents - Appellees.

No. 12-1422
(D. Colorado)
(D.C. No. 1:12-CV-00808-LTB)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HARTZ**, **EBEL,** and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Randal Ankeney seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Ankeney has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

In 2008, Ankeney pleaded guilty to one count of child abuse with a factual basis of sexual assault on a child. The state of Colorado and Ankeney stipulated to the imposition of an eight-year term of incarceration. Ankeney did not appeal either his conviction or his sentence. He did, however, file a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35. The state trial court denied Ankeney's motion and the Colorado Court of Appeals affirmed the court's order.

Ankeney filed the instant § 2254 habeas petition on July 26, 2006. In his petition, Ankeney raised four claims of error. In an order dated July 17, 2012, the district court dismissed two of those claims, concluding they did not present issues cognizable in a § 2254 proceeding. In a separate order, the court addressed Ankeney's remaining two claims, both of which were previously adjudicated by the Colorado courts. The first of those claims was an assertion Ankeney's due process rights were violated because the state withheld exculpatory evidence prior to the entry of his guilty plea. *Cf. Brady v. Maryland*, 373 U.S. 83 (1963) (holding the government must disclose exculpatory evidence prior to trial). Applying the controlling standard set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court concluded Ankeney could not demonstrate he was entitled to habeas relief on this claim because he failed to identify any clearly established federal law extending the holding in *Brady* to an alleged failure to disclose exculpatory information prior to the entry of a guilty plea. *See* 28 U.S.C. § 2254(d)(1) (providing that clearly established federal law is

-2-

determined by the United States Supreme Court); *House v. Hatch*, 527 F.3d 1010, 1015-18 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1).").

In his second claim, Ankeney asserted his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Colorado state court rejected this claim, finding Ankeney pleaded guilty to negligent child abuse resulting in serious bodily injury to the child, a class 4 felony. Thus, he admitted all the elements of a crime that carries a prison sentence of up to eight years. *See* Colo. Rev. Stat. §§ 18-1.3-401(1)(a)(V)(A), (10)(a), (10)(b)(X). Ankeney was sentenced to eight years' imprisonment, a sentence within the presumptive range. Again applying the standard set forth in the AEDPA, the federal district court concluded the Colorado court's adjudication of this claim was not contrary to, nor an unreasonable application of clearly established federal law, and Ankeney failed to rebut the presumption of correctness attached to the state court's factual findings. 28 U.S.C. § 2254(d).

This court cannot grant Ankeney a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Ankeney has carried his burden, this court undertakes "a preliminary, though not

definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Ankeney is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Ankeney's application for a COA[1] and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Ankeney is not entitled to a COA. The district court's resolution of Ankeney's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Ankeney has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Ankeney's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Ankeney does not seek a COA on the two claims dismissed by the district court on July 17, 2012.